ROBERT E. OPERA – State Bar No. 101182
ropera@wcghlaw.com
ANDREW B. LEVIN – State Bar No. 290209
alevin@wcghlaw.com
**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**
660 Newport Center Drive, 4th Fl.
Newport Beach, CA 92660

Telephone: 949-720-4100
Facsimile:  949-720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>EARTHONE CIRCUIT TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:17-bk-12521 CB<br><br>Chapter 11<br><br>**DEBTOR'S SECOND EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, LIST OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND CREDITOR MATRIX TO ACCOMPANY SCHEDULES; DECLARATION OF DOUG MOLYNEUX IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY JUDGE; AND INTERESTED PARTIES:**

EarthOne Circuit Technologies Corporation, the debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"), hereby respectfully applies ("Application"), <u>ex parte</u>, to this Court for an extension of time, through and including July 28, 2017, within which to file its Schedules of Assets and Liabilities, Statement of Financial Affairs, List of Executory Contracts and Unexpired Leases, and Creditor Matrix To Accompany Schedules, and any additional ancillary documents ordinarily filed with the Schedules (collectively, referred to herein as the "Schedules"), based on the following facts and circumstances.

1. On July 21, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is managing its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor has only one employee, Douglas Molyneux.

3. Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, a debtor must file its Schedules within fourteen (14) days from the entry of the order for relief. On July 7, 2017, the Court entered its order extending the time by which the Debtor was to file its Schedules to July 14, 2017 ("Extended Deadline") [Docket No. 25].

4. The Debtor has worked diligently to complete its Schedules by the Extended Deadline and has completed a draft of its Schedules. However, the Debtor needs additional time in order to ensure that the Schedules are wholly complete and accurate. Accordingly, pursuant to this Application, the Debtor requests an extension, through and including July 28, 2017 within which to file the Schedules. This date is still one week prior to the August 4, 2017 date that the Office of the United States Trustee has set for the first meeting of creditors to be held under Section 341(a) of the Bankruptcy Code in this case and, therefore, both the Office of the United States Trustee and the newly formed Committee of Creditors ("Committee") will still have time sufficient to review the Schedules and prepare for the first meeting of creditors.

5. In addition, **the Debtor has agreed with the Committee to extend the deadlines associated with the Debtor's proposed sale of its assets** set forth in the Debtor's Motion For

1  Order: (1) Approving Sale And Bidding Procedures In Connection With The Sale Of Assets Of
2  The Debtor's Estate Free And Clear Of Liens And Interests; (2) Setting A Hearing On Sale
3  Motion; And (3) Approving Form And Manner Of Notice To Be Provided To Creditors And
4  Parties-In-Interest In Connection With Sale Motion [Docket No. 12]. Accordingly, the requested
5  extension of the time to file the Schedules will not impair the interests of creditors or parties-in-
6  interest, including prospective bidders, with regard to the proposed sale of the Debtor's assets.

7     6.    **Furthermore, the Committee has consented to the further extension of the**
8  **time to file the Debtor's Schedules to July 28, 2017.**

9     7.    The Debtor is very aware of the importance of the Schedules, and the fact that the
10 Schedules must be complete and accurate. As indicated above, however, the Debtor needs
11 additional time to ensure that its Schedules are complete and accurate preparation of complete and
12 accurate. The Debtor anticipates that it will be able to complete and file the Schedules within the
13 additional time period requested by this Application.

14    8.    This is the Debtor's second request for an extension of time to prepare and file the
15 Schedules. The Debtor will not seek any additional extensions of time to prepare and file the
16 Schedules.

17    **WHEREFORE**, based upon the foregoing, the Debtor respectfully requests that the Court
18 enter an Order extending, through and including July 28, 2017, the time for the Debtor to file its
19 Schedules.

20 DATED: July 14, 2017                **WINTHROP COUCHOT**
                                       **GOLUBOW HOLLANDER, LLP**

By: ___/s/ *Andrew B. Levin*___
    Andrew B. Levin
    [Proposed] General Insolvency Counsel for
    Debtor and Debtor-in-Possession

-3-

### DECLARATION OF DOUGLAS MOLYNEUX

I, Douglas Molyneux, declare and state:

1. I am the Corporate Secretary and only employee of EarthOne Circuit Technologies Corporation, the debtor and debtor-in-possession herein (the "Debtor"). The facts stated herein are within my personal knowledge and, if called upon as a witness, I could and would competently testify thereto.

2. This declaration is offered in support of the Debtor's Second <u>Ex Parte</u> Application for Extension of Time to File Schedules, Statement of Financial Affairs, List of Executory Contracts and Unexpired Leases, and Creditor Matrix to Accompany Schedules ("Application").

3. The Debtor is requesting an extension of time, through and including July 28, 2017, within which to file the Schedules of Assets and Liabilities, Statement of Financial Affairs, List of Executory Contracts and Unexpired Leases, Creditor Matrix To Accompany Schedules, and any additional ancillary documents ordinarily filed with the Schedules (collectively, referred to herein as the "Schedules"), based on the facts and circumstances stated herein.

4. I am the Debtor's only employee.

5. On July 21, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is managing its financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of Title 11 of the Bankruptcy Code.

6. I am informed by the Debtor's counsel and believe thereon that on July 7, 2017, the Court entered its order extending the time by which the Debtor was to file its Schedules to July 14, 2017 ("Extended Deadline") [Docket No. 25].

7. I have worked diligently to complete the Debtor's Schedules by the Extended Deadline and have completed a draft of the Schedules. However, I need additional time in order to ensure that the Schedules are wholly complete and accurate. Accordingly, pursuant to this Application, the Debtor requests an extension, through and including July 28, 2017 within which to file the Schedules. This date is still one week prior to the August 4, 2017 date that the Office of the United States Trustee has set for the first meeting of creditors to be held under Section 341(a) of the Bankruptcy Code in this case and, therefore, both the Office of the United States Trustee

and the newly formed Committee of Creditors ("Committee") will still have time sufficient to review the Schedules and prepare for the first meeting of creditors.

8. In addition, I have been informed by the Debtor's counsel and believe thereon that **the Debtor has agreed with the Committee to extend the deadlines associated with the Debtor's proposed sale of its assets** set forth in the Debtor's Motion For Order: (1) Approving Sale And Bidding Procedures In Connection With The Sale Of Assets Of The Debtor's Estate Free And Clear Of Liens And Interests; (2) Setting A Hearing On Sale Motion; And (3) Approving Form And Manner Of Notice To Be Provided To Creditors And Parties-In-Interest In Connection With Sale Motion [Docket No. 12]. Accordingly, the requested extension of the time to file the Schedules will not impair the interests of creditors or parties-in-interest, including prospective bidders, with regard to the proposed sale of the Debtor's assets.

9. I have further been informed by Debtor's counsel and believe thereon that the the Committee has consented to the further extension of the time to file the Debtor's Schedules to July 28, 2017.

10. I am very aware of the importance of the Schedules, and the fact that the Schedules must be complete and accurate; however, as indicated above, I need additional time to ensure that the Debtor's Schedules are complete and accurate preparation of complete and accurate. I anticipate that I will be able to complete and file the Schedules within the additional time period requested by this Application.

11. This is the Debtor's second request for an extension of time to prepare and file the Schedules. The Debtor will not seek any additional extensions of time to prepare and file the Schedules.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed this 14th day of July, 2017 at Newport Beach, California.



Douglas Molyneux

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled (specify): **DEBTOR'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, LIST OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND CREDITOR MATRIX TO ACCOMPANY SCHEDULES; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 14, , 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Frank Cadigan    frank.cadigan@usdoj.gov
- Andrew B Levin    alevin@winthropcouchot.com, bayrelevin@hotmail.com;pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Robert E Opera    ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 17, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

**Via Attorney Service - Bin by 5th Floor elevators**
Honorable Catherine E. Bauer
Ronald Reagan Federal Bldg.
411 W. Fourth St., Suite 5165
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 14, 2017 | P.J. Marksbury | /s/ P.J. Marksbury |
|---|---|---|
| Date | Printed Name | Signature |

-6-